# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>           Plaintiff,<br><br>      v.<br><br>KIMBERLY HOLLAND, et al.,<br><br>           Defendants. | 1:13-cv-01100-BAM (PC)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT AND RECONSIDERATION AS MOOT<br><br>(ECF No. 9)<br><br>ORDER DISMISSING CERTAIN DEFENDANTS, FINDING SERVICE OF COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(ECF No. 10)<br><br>THIRTY-DAY DEADLINE |

**I.      Motion to Amend Complaint and Reconsideration**

Plaintiff Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 11, 2014, the Court screened Plaintiff's complaint and found that it stated a cognizable retaliation claim against Defendant Holland, but failed to state any other cognizable claims.  The Court directed Plaintiff to either file a first amended complaint <u>or</u> notify the Court in writing that he wished to proceed on the cognizable retaliation claim against Defendant Holland.  (ECF No. 8.)

On June 23, 2014, Plaintiff filed the instant motion to amend the complaint and to seek reconsideration of the Court's screening order related to his property.  (ECF No. 9.)  On the same date, Plaintiff filed a first amended complaint.  (ECF No. 10.)

As the Court granted Plaintiff leave to amend, his request to amend the complaint is unnecessary and shall be denied. To the extent Plaintiff seeks reconsideration of the Court's screening order, such a request is moot. Plaintiff has filed an amended complaint, which supercedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). The Court will therefore screen Plaintiff's amended complaint. If Plaintiff disagrees with the Court's screening of the first amended complaint, then he may, as appropriate and necessary, seek reconsideration.

For these reasons, Plaintiff's motion to amend and for reconsideration is DENIED as moot.

## II.   Screening Requirement and Standard

Plaintiff's first amended complaint, filed on June 24, 2014, is currently before the Court for screening. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially

plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III.     Plaintiff's Allegations

Plaintiff is currently housed at Pelican Bay State Prison. The events in his complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution ("CCI"). Plaintiff sues the following defendants: (1) Warden Kimberly Holland, (2) Correctional Officer Bowen; (3) Correctional Officer Estrada; (4) Correctional Officer E. Stelter; and (5) Correctional Captain Matzen. Plaintiff sues Defendants Holland, E. Stelter and Matzen in their official and personal capacities. Plaintiff sues Defendants Bowen and Estrada in their personal capacities.

Count 1:

In September 2009, Plaintiff filed a lawsuit against CCI's warden and prison officials based on denial of out-of-cell exercise in CCI's SHU. In November 2011, Plaintiff settled the case to his monetary advantage and forced prison officials to build seventy-two (72) new yard cages. Plaintiff alleges that this angered CCI officials, including Defendant Holland, and during the course of the litigation he suffered several retaliatory acts.

In October 2011, Plaintiff appeared before the Inmate Classification Committee ("ICC"). At that time, Plaintiff's prison gang validations were reviewed and ICC elected to place Plaintiff on a 36-month determinate SHU term based on a rule violation. The ICC requested that Plaintiff be endorsed to CCI SHU to complete his SHU term. A Classification Staff Representative endorsed Plaintiff to CCI SHU to complete his term, ruling that the CCI SHU was the appropriate prison to house Plaintiff based on his case factors.

One month later, in November 2011, after Plaintiff successfully settled his lawsuit, Defendant Holland became upset and hostile. The Receiving & Release ("R&R") Officer told

Plaintiff, "Watch out Holland is pissed you won your lawsuit. She is telling everybody she is going to get her payback against you." (ECF No. 10, p. 8.)

In December 2011, Plaintiff's floor officer warned him to be careful because Holland was looking for a way to make him pay. In late December 2011, the legal officer in the law library, correctional officer Grant, told Plaintiff, "Hey heads up, Holland called me asking what legal actions you have going on. She said she is going to send you to the bay. She said she wants to send a message and warn all the jailhouse lawyers that if they sue CCI they'll be gotten rid of and sent far away from their families." (ECF No. 10, p. 9.)

In January 2012, ICC reviewed Plaintiff's case without him being present. The ICC hearing was unnecessary and not scheduled to happen for six more months. The ICC revoked its prior decision and Plaintiff was put up for transfer to PBSP at the direction of Warden Holland. Plaintiff's counselor, Carter, was at the ICC.

Plaintiff did not learn of the revocation until he received a copy of his 128-G, which is a record of ICC's actions. Plaintiff immediately asked Carter why he was being transferred to the bay. Carter said, "Holland is sick of your legal bullshit and told us to get rid of you. So we did." Plaintiff responded, "There is no legitimate reason to transfer me, I JUST went to ICC and was endorsed to CCI-SHU based on my case factors!" Carter said, "I know, I read your file, but the warden wants this, so it's happening. She has talked to CSR, it's a done deal. Look you have no one to blame but yourself. You sued them about the yard, they warned you to drop it, you didn't, Then you settled and made them spend all that money to build all those cages, what did you expect? She hates you." (ECF No. 10, p. 9.)

On January 31, 2012, IGI Officer Chris Eubanks came to Plaintiff's cell. Plaintiff asked Eubanks if he knew anything about Plaintiff's transfer. Eubanks said, "It's not us doing it, we[']re fine with you being here. But I talked to Holland about you and she's dead set on getting rid of you. Now that she's Warden she's getting her payback for your lawsuit." Plaintiff told Eubanks that he would not be able to get visits in the bay. Eubanks stated, "I can't help you, I can't stop her. She knows it's illegal, but she's determined to make you pay." (ECF No. 10, pp. 9-10.)

1       On February 23, 2012, Plaintiff wrote Warden Holland a letter and put her on notice that
2  her plans to transfer him were illegal and that there was no penological justification to transfer
3  him.  Plaintiff did not receive a response.
4       On March 27, 2012, Plaintiff was told by his building officers that he was scheduled for
5  the law library.  Plaintiff was escorted to the law library for two hours.  After that, Plaintiff's
6  building officers escorted him to R&R instead of his housing unit.  Plaintiff was stripped out and
7  placed on a bus to Pelican Bay State Prison.  Plaintiff alleges that this was done on the order of
8  Warden Holland in retaliation for Plaintiff's lawsuits.  Plaintiff was denied the chance to pack his
9  property or take it with him.
10       Count 2:
11       Plaintiff alleges that when he arrived at CCI's R&R for transfer to Pelican Bay State
12  Prison, Defendant Estrada was in charge of putting Plaintiff's property on the bus.  Once
13  Plaintiff arrived at Pelican Bay State Prison, he requested his legal property because he had
14  several open and active cases with pending deadlines.  The R&R officer at Pelican Bay State
15  Prison told Plaintiff that CCI did not send any of Plaintiff's legal property.  Plaintiff had a
16  correctional officer at Pelican Bay State Prison call CCI's R&R and speak with Defendant
17  Bowen.  Defendant Bowen told her, "Warden Holland told him and c/o Estrada not to send
18  Goolsby's property to the Bay and to hold it in CCI's R&R property room."  The Pelican Bay
19  State Prison officer said, "He needs his property, he has legal deadlines."  Defendant Bowen
20  said, "That's the point Holland is sick of his legal bullshit, so without his property how can he
21  maintain them?  Tell Goolsby he has nothing coming."  (ECF No. 1, p. 8.)
22       Plaintiff wrote a letter to Defendants Bowen and Estrada requesting his property, but
23  received no response.  Plaintiff asserts that he was denied his legal property for three months.
24  During that time, he could not file motions and was denied access to legal materials.  He also
25  was unable to obtain a file-stamped complaint and summons that he needed to file in a state law
26  tort suit.
27       Count 3:
28       "State-C.C.P § 521. Bane Act Violaiton-1074's"  (ECF No. 10, p. 12.)

Count 4:

"State-Negligence-1074's"  (ECF No. 10, p. 12.)

Count 5:

Prior to his transfer, Plaintiff had filed two multiple-plaintiff state tort actions in Kern County Superior Court.  Plaintiff was able to communicate with his co-plaintiffs in coordinating the litigation.  Once Plaintiff was transferred, he could not communicate with his co-plaintiffs.  He filed a CDC 1074 form requesting correspondence approval with each of the co-plaintiffs.  Pelican Bay State Prison officials approved the requests and sent them to CCI for approval.  Defendants Stelter and Matzen denied Plaintiff's request.  Plaintiff appealed to CDW Bryan and Reed, but they upheld the denial.

Plaintiff also claims that one inmate had Plaintiff's legal documents and Plaintiff had his legal documents.  Plaintiff asserts that the inmate lost several motions because of this.

Plaintiff seeks injunctive relief, including a transfer to CCI, along with compensatory and punitive damages.

**IV.   Discussion**

**A.  Eleventh Amendment and Official Capacity**

Plaintiff brings suit against Defendants Holland, Stetler and Matzen in their personal and official capacities.  To the extent that Plaintiff seeks to bring a damages claim against Defendants in their official capacities for money damages, he may not do so.  The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).  As such, the Eleventh Amendment bars any claim for monetary damages against defendants in their official capacities.

However, the Eleventh Amendment does not bar claims for prospective injunctive relief against state officials acting in their official capacities.  Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).  Here, Plaintiff seeks prospective injunctive relief, including changes in CDCR policy or procedure.

///

### B. Retaliation

In Count 1, Plaintiff asserts a cause of action for retaliation in violation of the First Amendment against Defendant Holland in connection with his transfer to Pelican Bay State Prison. In Count 6, Plaintiff asserts a cause of action for retaliation in violation of the First Amendment against Defendants Steiter, Matzen, Bryan and Reed based on their denial of his request to communicate with co-plaintiffs at CCI.

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).

In Count 1, the Court finds that Plaintiff's allegations are sufficient to state a cognizable claim of retaliation against Defendant Holland.

In Count 5, the Court does not find that Plaintiff has stated a cause of action for retaliation against Defendants Steiter or Matzen. There is no indication that these defendants denied Plaintiff's request *because of* any protected conduct or that there lacked a legitimate penological goal in preventing Plaintiff from communicating with inmates at CCI.

///

///

### C. Access to Courts

In Counts 2 and 5, Plaintiff claims that his transfer and the failure to transport his property prevented him from communicating with co-plaintiffs in ongoing litigation and that he was unable to access legal materials for other suits.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412–15, 122 S.Ct. 2179, 2185–87, 153 L.Ed.2d 413 (2002). A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis, 518 U.S. at 349–50. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. The Supreme Court rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825–26, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898–900 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

At best, Plaintiff has alleged that the transfer interfered with his ability to effectively pursue ongoing litigation, including state law tort claims, which is not sufficient to state a cognizable claim. Lewis, 518 U.S. at 354. Plaintiff has not alleged that he was unable to initiate a criminal appeal, habeas petition or civil rights action.

### D. Deprivation of Property

Plaintiff complains about the deprivation of his legal property. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if

8

a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1984).

To the extent Plaintiff claims that his legal property was intentionally withheld by Defendants Estrada or Bowen as a form of retaliation, this is an unauthorized, intentional deprivation. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his legal property.

### E.  State Law Claims

Plaintiff fails to allege the basis of his state claims or link any defendants to any alleged violations of state law. Plaintiff does not include any factual allegations to support his claims The Court will not scour Plaintiff's complaint to determine the basis of his state law claims. Plaintiff has been unable to cure this deficiency.

### V.  Conclusion and Order

Plaintiff has stated a cognizable retaliation claim against Defendant Holland, but fails to state any other cognizable claims. Plaintiff has been granted an opportunity to cure the remaining deficiencies in his complaint, but has been unable to do so. As such, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend and for reconsideration is DENIED as moot;
2. This action shall proceed on Plaintiff's first amended complaint, filed on June 24, 2014, against Defendant Holland in her personal capacity for retaliation in violation of the First Amendment.
3. Defendants Stelter, Matzen, Bowen and Estrada are dismissed from this action, with prejudice, based on Plaintiff's failure to state a cognizable claim against them;

4. Service shall be initiated on the following defendant:

   **Kimberly Holland**

5. The Clerk of the Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the first amended complaint filed June 24, 2014;

6. Within thirty (30) days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. One completed summons for each defendant listed above;

   b. One completed USM-285 form for each defendant listed above; and

   c. Two (2) copies of the endorsed first amended complaint filed June 24, 2014.

7. Plaintiff need not attempt service on the defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

8. <u>The failure to comply with this order will result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:  **October 8, 2014**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE