UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>   Plaintiff,<br><br>   v.<br><br>KIMBERLY HOLLAND, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-01100-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 13) |

**I.     Background**

Plaintiff Thomas Goolsby ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 17, 2013. (ECF No. 1.) On June 11, 2014, the Court screened Plaintiff's complaint and directed him to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found cognizable. (ECF No. 8.) On June 23, 2014, Plaintiff filed a first amended complaint, along with a motion to amend and for reconsideration. (ECF Nos. 9, 10.) On October 9, 2014, the Court denied Plaintiff's motion to amend and for reconsideration as moot. The Court also screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable retaliation claim against Defendant Holland, but failed to state any other cognizable claims. The Court therefore dismissed the remaining defendants and claims from this action and directed Plaintiff to submit forms

for service of Defendant Holland. (ECF No. 11.) On October 31, 2014, Plaintiff submitted service documents for Defendant Holland. Plaintiff also filed the instant motion seeking reconsideration of the Court's service order. (ECF Nos. 12, 13.)

**II.     Discussion**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

By the instant request for reconsideration, Plaintiff contends that the Court erred in screening out his state law claims, Claims 3, 4 and 5. First, Plaintiff alleges that the Court mistakenly screened Claim 5 as a retaliation claim, not a claim for denial of meaningful access. Plaintiff asserts that his labeling of Claim 5 as "State-Denial of Meaningful Access-1074's" should have alerted the Court that he was alleging a state claim for denial of meaningful access to the courts, not retaliation. (ECF No. 13, pp. 1-2.) Contrary to Plaintiff's assertion, the Court included Claim 5 in its consideration of whether or not Plaintiff stated a claim not only for retaliation, but also violation of his right of access to the courts. The Court concluded that Plaintiff had not stated a cognizable claim based on his right of access to the courts. (ECF No. 11, p. 8.)

Second, Plaintiff contends that the Court erred in screening out Claims 3 and 4 as lacking any factual allegations to support his claims. Plaintiff asserts that the Court must have been confused by

2

the grouping of his state law claims together (Claims 3, 4, and 5) followed by facts after Claim 5.  The Court considered the facts in Plaintiff's first amended complaint, but did not find that Plaintiff stated any cognizable state law claims.  Even upon reconsideration, the Court is not persuaded that Plaintiff has alleged sufficient facts to support a cognizable state law negligence claim or a Bane Act claim based on assertions that Defendants Stelter and Matzen declined Plaintiff's request to communicate with co-plaintiff inmates in state tort actions.

1. Negligence

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'"  Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

Plaintiff's first amended complaint does not allege sufficient facts to state a cognizable negligence claim against Defendants Stelter and Matzen based on their denial of his request to communicate with inmates at another facility.  Plaintiff has not established a duty, breach or actual loss.  Plaintiff also cannot establish proximate cause as he indicates that other individuals affirmed the denial by Defendants Stetler and Matzen.

2. Bane Act

California Civil Code § 52.1 ("Section 52.1"), the so-called "Bane Act," permits a private right of action for damages:

> If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state ...

Cal. Civ.Code § 52.1(a) (emphasis added).  Although a complaint need not use the statutory terms "threats, intimidation, or coercion," it must allege facts from which the presence of threats, intimidation, or coercion may be inferred.  See Lopez v. County of Tulare, 2012 WL 33244, * 11 (E.D.

Cal. Jan.6, 2012).  Here, Plaintiff's first amended complaint fails to allege any facts from which to infer threats, intimidation or coercion by Defendants Stelter and Matzen, who were not even at the same facility as Plaintiff.

### III.   Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration, filed on October 31, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 4, 2014**                         /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

4