**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

THOMAS GOOLSBY,

Plaintiff,

v.

KIMBERLY HOLLAND, et al.,

Defendants.

Case No.: 1:13-cv-01100-DAD-BAM (PC)

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE

(ECF No. 32)

ORDER GRANTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER

(ECF No. 36)

Dispositive Motion Deadline: **April 11, 2016**

## I. Introduction

Plaintiff Thomas Goolsby is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Holland for retaliation in violation of the First Amendment.

Currently before the Court are (1) Plaintiff's motion for an extension of the discovery deadline, (ECF No. 32); and (2) Defendant's motion for an order extending the scheduling order's deadline for filing dispositive motions, (ECF No. 36). Plaintiff's motion is fully briefed. (ECF Nos. 34, 35.) Plaintiff has not filed a response to Defendant's motion. However, Plaintiff stated in his reply brief in support of his motion to extend the discovery deadline that he would not oppose an extension of time

to file dispositive motions until after the close of any extended discovery deadline. (ECF No. 35, p. 1.) Consequently, the Court will deem Defendant's motion unopposed and submitted. Local Rule 230(l).

**II. Plaintiff's Motion to Extend the Discovery Deadline**

Plaintiff seeks an extension of the discovery cut-off deadline in this case to allow for responses to his third and fourth sets of written discovery requests already served on Defendant, and to allow for the filing of a motion to compel, depending on Defendant's responses. (ECF No. 32, p. 1.) Defendant opposes the motion, arguing that Plaintiff should have sought an extension of time before serving his discovery, and that he has not shown diligence in seeking discovery, or good cause for an extension. (ECF No. 34.) Defendant further argues she will be prejudiced by having to respond to the discovery requests and prepare a motion for summary judgment at the same time. Finally, Defendant objects to Plaintiff's discovery requests themselves on several bases.

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Here, Plaintiff has shown good cause for his requested extension of time. Plaintiff explains that he was delayed in sending his third and fourth discovery requests due to dealing with discovery disputes with Defendant, and a delay in receiving Defendant's responses which were necessary to prepare his additional discovery requests. Defendant's most recent responses were sent, after being granted an extension, a few days before the September 8, 2015 discovery closure date in this matter. (Doc. 31-1.) Upon receipt of those responses, Plaintiff promptly prepared his final set of discovery requests and a motion for an extension of time, which were served and filed prior to the discovery deadline in this case. As to Defendant's numerous objections to the merits of Plaintiff's discovery requests, Plaintiff is correct that the opposition to his motion for an extension of time is not the proper procedural tool for arguing those matters.

Diligence by Plaintiff and good cause for a limited extension of time are shown here. Plaintiff may not propound any additional discovery, but the discovery deadline will be extended to allow for Defendant to respond to Plaintiff's already-served third and fourth set of discovery requests. Plaintiff will also be permitted a brief period of time to file one motion to compel regarding the responses to those sets of discovery requests, if necessary. Specifically, Defendant shall serve responses to Plaintiff's third and fourth set of discovery requests on or before January 22, 2016. Plaintiff may file

and serve a motion to compel regarding those responses, if necessary, on or before February 19, 2016.

**III. Defendant's Motion to Extend the Dispositive Motion Deadline**

Defendant has also shown good cause for her requested extension of time to extend the dispositive motion deadline in this matter. Defense counsel explains that despite his diligence in preparing a motion and seeking evidence in support, a critical piece of evidence for the motion has not yet been obtained. (ECF No. 36.) Defense counsel expects to obtain the evidence in late January 2016. Around that time, Defendant will also be responding to the discovery requests discussed above, and possibly a motion to compel that Plaintiff may be drafting. Plaintiff also does not oppose the request for an extension. (ECF No. 35, p. 1.) Consequently, the Court will permit the parties additional time to file any dispositive motions in this case, until April 11, 2016.

**IV. Conclusion and Order**

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for an extension of the discovery deadline, (ECF No. 32), is GRANTED, as follows:

   a. Defendant shall serve responses to Plaintiff's third and fourth set of discovery requests on or before **January 22, 2016**;

   b. Plaintiff may serve and file a motion to compel regarding Defendant's responses to Plaintiff's third and fourth set of discovery requests on or before **February 19, 2016**;

2. Defendant's motion to modify the discovery and scheduling order in this matter, (ECF No. 36), is GRANTED;

3. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from November 19, 2015 to **April 11, 2016**; and,

4. Any request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.

IT IS SO ORDERED.

Dated: **December 10, 2015**

/s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE