UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KIMBERLY HOLLAND,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01100-DAD-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS<br><br>(ECF No. 26) |

## I.　Introduction

Plaintiff Thomas Goolsby is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Kimberly Holland for retaliation in violation of the First Amendment. Currently before the Court is Plaintiff's motion to compel discovery and request for sanctions. (ECF No. 26.) Defendant opposed the motion, (ECF No. 31), and Plaintiff replied to Defendant's opposition, (ECF No. 33). The motion is deemed submitted. Local Rule 230(l).

Before the Court issued this order, Defendant filed a motion to stay discovery in this matter. (ECF No. 44.) Plaintiff's opposition to that motion is not yet due, and the Court has not yet determined whether any stay of discovery is appropriate in this matter. If the Court finds any stay is appropriate, it will address whether any deadlines in this order are affected at that time. Otherwise, full and timely

1  compliance by the parties with this order is expected. Any request for an extension of time of any
2  deadline set in this order must be filed before the relevant deadline has expired and must be supported
3  by good cause. See Fed. R. Civ. P. 16(b)(4).

**II.   Motion to Compel**

Plaintiff's motion to compel concerns Defendant's responses to Plaintiff's first set of requests for production ("RFP"), and responses to Plaintiff's second set of discovery, which included a set of requests for admission, interrogatories, and additional requests for production. (ECF No. 26.) Plaintiff first argues that Defendant's responses to some of his first set of RFPs were insufficient. Plaintiff wrote a letter to Defendant attempting to meet and confer on that dispute, (Id. at 36), but received no response. Furthermore, Defendant did not respond to Plaintiff's second set of discovery requests by the time he filed his motion, which was well after the due date.

Defendant then sought an extension of time to respond to Plaintiff's motion to compel. In support, defense counsel submitted a declaration stating that he did not receive Plaintiff's meet and confer letter or the second set of discovery requests until Plaintiff filed and served his motion to compel, which attached copies of both. (ECF No. 27, at p. 2). Defendant sought time to attempt to resolve the discovery dispute with Plaintiff by responding to the letter and discovery requests. The Court granted Defendant's request, (ECF No. 30), and Defendant supplemented her previous responses to Plaintiff's first set of RFPS, (ECF No. 31-1, pp. 19-21), and responded to Plaintiff's second set of discovery, (id. at pp. 4-17).

In Plaintiff's reply, he argues that Defendant's responses to RFPs ##6-10, 16 and 17 from his first set of discovery requests, as supplemented, are still deficient. Plaintiff further argues that Defendant's responses to some of his requests in his second set of discovery requests are also deficient. He seeks an order compelling a further response to each of these discovery requests.

**A.   Legal Standards**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the

party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

A party may also "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule 36 further provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08–119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep.29, 2010). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///

**B.     Discussion**

Before addressing the disputed responses to Plaintiff's first set of RFPs, the Court will address Plaintiff's request to compel responses to certain requests in his second set of discovery. (ECF No. 33, pp. 1, 3-6.) Since these responses were served after Plaintiff's motion to compel was filed, Defendants have had no opportunity to respond to Plaintiff's arguments concerning the second set of discovery requests. His specific arguments that some of those responses were insufficient were raised for the first time in his reply brief.

"It is inappropriate to consider arguments raised for the first time in a reply brief" Association of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006). The briefing on Plaintiff's motion to compel the responses to the first set of RFPs show why this rule is particularly important to follow here. Plaintiff's motion presents specific issues, Defendant responded with precise justifications and explanations for his objections and response, and Plaintiff replied with arguments as to why the objections and/or response are nevertheless insufficient or improper. In addition, the process of meeting and conferring, voluntarily supplementing responses, and fully briefing the motion to compel, clarified and narrowed the dispute.

As a result, in these circumstances the Court does not find it to be an efficient use of judicial resources to address Plaintiff's challenges to Defendant's responses to the second set of discovery requests on the merits at this time. Plaintiff's motion to compel with respect to Defendant's responses to his second set of discovery requests is DENIED without prejudice. Instead, Defendant SHALL meet and confer with Plaintiff, within thirty (30) days of service of this order, regarding the matters raised in Plaintiff's reply brief concerning Defendant's responses to Plaintiff's second set of discovery requests. That meet and confer may be done in writing. If the parties are unable to resolve the disputed responses, Plaintiff may file a request that his motion to compel further responses to his second set of discovery requests be renewed, within sixty (60) days of service of this order.

**1.     Plaintiff's First Set of Requests for Production**

**RFP #6:** Plaintiff requests defendant Kimberly Holland produce ALL Housing Unit movement log book entries for plaintiff between October 1, 2011 and April 1, 2012 at California Correctional Institution.

**Response:** In addition to several objections, Defendant responded that, "[t]o the extent the request asks for 114-As, those documents are available to Plaintiff if he was housed in Ad-Seg during that time. Therefore, no documents will be provided."

**Arguments:** Plaintiff clarified in his motion that he seeks log entries from the record book noting the movements of inmates in his housing unit, not 114-As. (ECF No. 26, p. 3.) In response, Defendant has dropped all objections except that (1) the request is not relevant or reasonably calculated to obtain admissible evidence, and (2) the request is overbroad. (ECF No. 31, p. 2.) Defendant specifically argues that the location of the conversations that Plaintiff alleges took place is not relevant, which is what he indicated he needed the log entries to discover. Defendant further argues that Plaintiff's request for six months of daily log movement records would be time-consuming and unduly burdensome to produce, because it would require reviewing and redacting entries not related to Plaintiff for privacy and security purposes. Defendant further contends that to the extent the entries are relevant, Plaintiff only requires certain log entries from certain dates. Thus, at a minimum, Plaintiff should be required to limit his request to log entries from certain relevant dates.

Plaintiff argues that the log entries are relevant to showing who came to see him and any incidents involving him, to show other inmates who were nearby and may have overheard the conversations at issue, and to help him prove that he was present when and where he alleges the conversations happened, in case these issues are disputed. (ECF No. 33, p. 2.) Plaintiff does not address Defendant's contentions regarding the unduly burdensome nature of his request.

**Ruling:** Plaintiff's motion to compel this response is GRANTED IN PART. The log entries Plaintiff seeks may contain relevant corroborating information concerning the conversations he alleges took place. However, due to the current scope of Plaintiff's current request, the relevance of the information sought is significantly outweighed by the burden to Defendant to review, appropriately redact, and produce all daily log entries from the period Plaintiff requested, from October 1, 2011 to April 1, 2012. Therefore, Plaintiff's request must be narrowed to the relevant dates for the conversations at issue. To the extent he argues he is entitled to log entries concerning inmates other than himself, that information was not requested in his request for production, and Defendants are not required to provide it.

5

1    Accordingly, Plaintiff SHALL serve Defendant a narrowed request for log entries related to
2 him for the specific dates on which the conversations at issue in this matter occurred, within fourteen
3 (14) days of the date of service of this order. Defendants SHALL provide a supplemental response to
4 Plaintiff's request, as narrowed, within thirty (30) days of service of Plaintiff's narrowed request.

5    **RFP #7:**  Plaintiff requests defendant Kimberly Holland produce ALL visiting staff sign in log
6 books for housing unit 5 on yard 4B at California Correctional Institution between January 1, 2012
7 and April 1, 2012.

8    **Response:**  In addition to various objections, Defendant responded that "Plaintiff has access to
9 the Security Housing Unit logs, which are the 114-As and therefore no documents will be produced."

10   **Arguments:**  Similarly to the above request, Plaintiff clarified in his motion that he is not
11 seeking 114-As, but seeks log entries from the record book noting visits to him by staff to the housing
12 unit. (ECF No. 26, p. 4.) As with the above, Plaintiff explains that the relevance of these documents is
13 to seek information that can corroborate his allegations of certain conversations with the staff.

14   Defendant has dropped all objections except that the request is irrelevant and overbroad. (ECF
15 No. 31, p. 3-4.) Defendant admits that these log entries may show certain staff were in Plaintiff's
16 housing unit on dates he alleges conversations occurred, but argues that this would be weak evidence
17 that the conversations actually happened as Plaintiff alleged. Further, Defendant objects that the
18 request is overbroad and unduly burdensome since it requires Defendant to produce months of daily
19 entries that are irrelevant to the alleged conversations at issue.

20   **Ruling:**  Plaintiff's motion to compel this response is GRANTED IN PART, for similar
21 reasons explained above in regards to RFP #6. Defendant admits the log entries Plaintiff seeks may
22 have some relevancy to Plaintiff's allegations, and the argument that the information may not end up
23 being strong evidence in Plaintiff's favor does not negate that the information is relevant and
24 discoverable. However, to the extent Plaintiff seeks log entries for dates on which no alleged
25 conversations occurred, those log entries have no relevancy to this matter, and it is overly burdensome
26 to require Defendant to review and produce them.

27   Accordingly, Plaintiff SHALL serve Defendant a narrowed request for log entries related to
28 him for the specific dates on which the conversations at issue occurred, within fourteen (14) days of

the date of service of this order. Defendants SHALL provide a supplemental response to Plaintiff's request, as narrowed, within thirty (30) days of service of Plaintiff's narrowed request.

**RFP #8:** Plaintiff requests defendant Kimberly Holland produce a complete copy of ALL MISSION STATEMENTS in effect at California Correctional Institution between November, 2010 and April 1, 2012.

**Response:** In addition to some objections, Defendant responded that "a reasonable investigation has been made and no documents have been uncovered. Responding Party reserves the right to supplement this response."

**Arguments:** Plaintiff argues that the mission statements are relevant to showing whether Plaintiff's housing placement was appropriate based on his case factors, because the mission statement will show what level of prison CCI is and what level inmates it can house. (ECF No. 26, p. 5.) Plaintiff further argues that his request includes a November 18, 2010 memorandum changing the mission statement that is relevant to his case, based on a reference to a "mission change per memorandum dated 11/18/10" in his file. Plaintiff reiterates that if he has incorrectly described such memorandum as a "mission statement," he still seeks, at a minimum, the November 18, 2010 memorandum referenced in his file.

Defendant in response objects that the general statements of overall claims and values of CDCR that comprise the mission statements are irrelevant to the claims and defenses in this matter, and contrary to Plaintiff's contention, a November 18, 2010 memorandum changing the CDCR's mission statement does not exist.

**Ruling:** Plaintiff's motion to compel this response is DENIED. The mission statements Plaintiff requested are not relevant to his allegations of a retaliatory transfer, or any defenses, in this matter. Plaintiff's specific request for a November 18, 2010 memorandum is not encompassed in his original RFP, and Plaintiff cannot graft it into this request through his motion to compel. Moreover, that memorandum does not appear relevant to Plaintiff's claim here. Plaintiff alleges that his retaliatory transfer occurred on or about March 27, 2012, and Plaintiff has not shown how this November 18, 2010 memorandum concerning some general policy relates to why he was transferred in 2012.

1   **RFP #9:**  Plaintiff requests defendant Kimberly Holland produce a copy of any and all
2   TRANSFER WAITLIST of validated inmates at California Correctional Institution that existed
3   between January 1, 2011 and April 1, 2012.
4   **Response (as supplemented):**  In addition to numerous objections, Defendant responded that
5   the transfer waitlists requested no longer exists.
6   **Ruling:**  Plaintiff concedes in his reply that Defendant cannot be compelled to produce
7   documents that no longer exist. (ECF No. 33, pp. 2, 5.) Consequently, Plaintiff's motion to compel
8   this response is DENIED.
9   **RFP #10:**  Plaintiff requests defendant Kimberly Holland produce all documents that show
10  when plaintiff attended the law library at CCI-SHU 4B yard between December 1, 2011 and April 1,
11  2012.
12  **Response:**  In addition to several objections, the Defendant responded that "to the extent
13  Plaintiff is requesting 114-A logs, those documents are equally available to him through a request to
14  his counselor. Therefore, no documents will be produced."
15  **Arguments:**  Similarly to RFPs ## 6-7, Plaintiff argues that the library log entries he seeks are
16  relevant to showing that certain conversations happened while he was in the law library, and that he
17  was in the law library when he alleges an ICC meeting took place without him. (ECF No. 26, p. 8;
18  ECF No. 33, p. 3.) Defendant argues the log entries Plaintiff seeks are not relevant, because she does
19  not dispute that Plaintiff was not present at the ICC meeting he alleges took place without him. (ECF
20  No. 31, p. 6.) Further, Defendant argues that the request for daily log entries is overbroad, since
21  Plaintiff only cites a few specific dates for which he needs the entries.
22  **Ruling:**  Plaintiff's motion to compel this response is GRANTED IN PART, for similar
23  reasons explained above in regards to RFPs ## 6-7. Defendant admits the library log entries Plaintiff
24  seeks for a few dates may have some relevancy to his allegations. However, the request is overly
25  burdensome to the extent it seeks entries for dates that have no relevancy here.
26  Accordingly, Plaintiff SHALL serve Defendant a narrowed request for library log entries
27  concerning him for the specific dates on which the library visits at issue occurred, within fourteen (14)
28

days of the date of service of this order. Defendants SHALL provide a supplemental response to Plaintiff's request, as narrowed, within thirty (30) days of service of Plaintiff's narrowed request.

**RFP #16:**  Plaintiff requests defendant Kimberly Holland produce ALL documents that concern the building and requests to build 72 Inmate Exercise Modules (IEM) at California Correctional Institution 4B SHU yard in 2011 and 2012.

**RFP #17:**  Plaintiff requests defendant Kimberly Holland produce ALL documents that describe the reason for building 72 Inmate Exercise Modules (IEM) at California Correctional Institution on 4 SHU 4B yard in 2012.

**Response (Identical for both RFPs):**  In addition to objections on vagueness, relevancy, and other grounds, and the assertion of the official information privilege, Defendant responded that "[t]o the extent that the requested documents are not protected by privilege, Responding Party states that no documents have been recovered, but we reserve the right to supplement this response."

**Arguments (Identical for both RFPs):**  Plaintiff argues that the information requested about the IEMs is relevant because he alleges the IEMs were built at least in part as a result of a settlement of one of his lawsuits, and that this was the motivating factor behind his retaliatory transfer. (ECF No. 26, p. 9; ECF No. 33, p. 3.) Defendants stand on their objections to vagueness and relevancy, arguing the requests seek documents that are unrelated to this matter, such as construction bids, plans, funding, and payment documents for the IEMs. (ECF No. 31, p. 7.) Further, Defendant argues Plaintiff has not shown the relevance of any of the requested documents.

**Ruling:**  Plaintiff's motion to compel these responses is GRANTED IN PART. The Court agrees that RFP #16 is overbroad and not reasonably calculated to lead to the discovery of relevant evidence. However, RFP #17, which seeks only documents regarding the reason the IEMs were built in 2012, is directly relevant to Plaintiff's claim that he was retaliated against for being at least part of the reason the IEMs were built. Although Defendant states she has not yet "recovered" such information, it is not clear to the Court that the requested information either does not exist, or is not within Defendant's possession, custody, or control. Nor has Defendant provided any privilege log to allow the Court to determine whether the privilege objection should be sustained.

///

1   Accordingly, Defendants are ordered to supplement their response to RFP #17 by producing
2   the requested documents, producing a privilege log that describes responsive documents with
3   specificity and explains any concerns related to disclosure, or stating why the results of a reasonable
4   inquiry have not uncovered the documents requested. Defendants shall provide this supplemental
5   response within thirty (30) days of the date of service of this order.

**III.   Request for Sanctions**

Plaintiff's motion also seeks that the Court sanction Defendant in the amount of $100.00 for not responding to his second set of discovery requests, and for requiring him to file his motion to compel. (ECF No. 26.) In his reply, although Plaintiff acknowledges that Defendant responded to his second set of discovery requests, he argues sanctions are still appropriate as related to those responses. In particular, he argues that certain of Defendant's responses contradict each other, and are evidence that Defendant has perjured herself, since the responses were signed under penalty of perjury. Plaintiff further seeks sanctions in his reply up to and including default judgment.

Default judgment is not an appropriate sanction here. To determine whether a default judgment is an appropriate sanction, courts look to five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)). "This 'test' in not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions . . . ." Id.

With regard to Defendant's responses to Plaintiff's second set of discovery requests, the parties have been directed to meet and confer further on that issue. Thus, the motion to compel was not granted with regard to any of those requests. Nor has the Court determined that Defendant has responded to any of those requests in bad faith, since it has not addressed those responses on the merits.

Furthermore, as discussed above, the Court found some of Defendant's responses to Plaintiff's first set of request for production were sufficient, and some objections were valid. The record does not

10

support a finding that Defendant acted in bad faith in responding to those requests either. Even though Plaintiff has been granted some relief here and some responses must be supplemented, a default judgment is an inappropriate sanction. The Court's need to manage its docket is not particularly affected by this discovery dispute. See Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.), 460 F.3d 1217, 1227 (9th Cir. 2006). Further, Plaintiff has not shown any prejudice resulting from Defendant's discovery responses other than some delay, and delay alone is generally insufficient to warrant a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990). Finally, the Court has had no previous occasion to sanction or warn Defendant that a default judgment is a possible sanction. Allen, 460 F.3d at 1228-29 (explaining that a court abuses its discretion if it first imposes default judgment as a sanction without first considering whether less drastic sanctions are adequate).

Under Federal Rule of Civil Procedure 37, the Court may apportion reasonable expenses where a motion to compel is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). In this instance, the Court does not find that an apportionment of expenses is just, as Plaintiff only prevailed in part on four out of the seven disputed discovery responses at issue here. Furthermore, Plaintiff has not incurred attorney fees nor has he shown he in fact incurred photocopying and mailing costs. See Haney v. Saldana, No. 1:04–cv—05935–AWI–SMS, 2010 WL 3341939, at *10 (E.D. Cal. Aug. 24, 2010) (lack of attorney fees, entitlement to free copies as indigent prisoner, and court's need to issue a number of limiting instructions are circumstances under which an award of sanction to the plaintiff would be unjust).

### IV. Conclusion and Order

For the reasons explained above, it is HEREBY ORDERED:

1. Plaintiff's motion to compel and for sanctions, (ECF No. 26), is GRANTED IN PART and DENIED IN PART, as follows:

    a. Plaintiff's motion to compel further responses to his second set of discovery requests is DENIED, without prejudice. Defendant SHALL meet and confer with Plaintiff, within thirty (30) days of service of this order, regarding the matters raised in Plaintiff's reply brief concerning Defendant's responses to Plaintiff's second set of discovery requests. That meet and confer

may be done in writing. If the parties are unable to resolve the disputed responses, Plaintiff may file a request that his motion to compel further responses to his second set of discovery requests be renewed, within sixty (60) days of service of this order;

        b.       With respect to Plaintiff's RFP #6, Plaintiff SHALL serve Defendant a narrowed request for log entries related to him for the specific dates on which the conversations at issue in this matter occurred, within fourteen (14) days of the date of service of this order. Defendants SHALL provide a supplemental response to Plaintiff's request, as narrowed, within thirty (30) days of service of Plaintiff's narrowed request;

        c.       With respect to Plaintiff's RFP #7, Plaintiff SHALL serve Defendant a narrowed request for log entries related to him for the specific dates on which the conversations at issue occurred, within fourteen (14) days of the date of service of this order. Defendants SHALL provide a supplemental response to Plaintiff's request, as narrowed, within thirty (30) days of service of Plaintiff's narrowed request;

        d.       With respect to Plaintiff's RFP #10, Plaintiff SHALL serve Defendant a narrowed request for library log entries concerning him for the specific dates on which the library visits at issue occurred, within fourteen (14) days of the date of service of this order. Defendants SHALL provide a supplemental response to Plaintiff's request, as narrowed, within thirty (30) days of service of Plaintiff's narrowed request;

        e.       Defendants are ordered to supplement their response to RFP #17 by producing the requested documents, producing a privilege log that describes responsive documents with specificity and explains any concerns related to disclosure, or stating why the results of a reasonable inquiry have not uncovered the documents requested. Defendants shall provide this supplemental response within thirty (30) days of the date of service of this order;

        f.       All other requests to compel further responses to Plaintiff's first set of interrogatories are DENIED; and

///

///

///

12

2. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: __March 17, 2016__              ____/s/ Barbara A. McAuliffe____
                                                    UNITED STATES MAGISTRATE JUDGE